**Dramane TRAORE, Plaintiff–Appellant,**

v.

**Police Officer M. WITTMAN, Michael Mcadams, Lt. Silva and Police Officer D. Brunner, Defendants–Appellees.**

No. 05–4011.

United States Court of Appeals, Second Circuit.

March 3, 2006.

---

Fred Lichtmacher, New York, NY, for Appellant.

Anne M. Tannenbaum, The Port Authority of New York and New Jersey (Carlene V. McIntyre, Milton H. Pachter), New York, NY, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C. STANCEU,* Judge.

## SUMMARY ORDER

The Appellant, Dramane Traore, appeals from a judgment, entered following a jury verdict in favor of Appellees, that dismissed Appellant's complaint alleging false arrest and use of excessive force. He argues on appeal that the district court made a variety of erroneous evidentiary rulings during the trial that were prejudicial and therefore warrant granting him a

new trial. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

"Evidentiary rulings ordinarily will not be overturned absent an abuse of discretion." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997). "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Fed.R.Evid. 103(a).

Traore argues primarily that the district court abused its discretion by accepting the recommendation of the magistrate judge to exclude the testimony of a psychiatrist, Dr. Lilian Bernier, who evaluated Traore at the hospital after the incident at the police station. Traore contends that Dr. Bernier was "the best qualified independent witness who has relevant evidence" as to whether Traore's account of the events was true. Therefore, the exclusion of her testimony, according to Traore, seriously prejudiced his case.

But Traore points to no error in the Magistrate Judge's conclusion that Dr. Bernier's testimony as an expert was irrelevant for the purposes of Traore's false arrest claim and that her testimony as a *fact* witness as to Traore's mental state at the time of his evaluation for release would be unduly prejudicial given her position as a psychiatrist. Nor did Traore offer any explanation as to why he could not have called as a fact witness either the triage nurse or the physician, Dr. Punzal, each of whom examined him before Dr. Bernier's evaluation and thus observed him closer in time to the incident giving rise to his claims of excessive force and false arrest.

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Finally, it is unlikely that the exclusion of Dr. Bernier's testimony caused Traore substantial prejudice inasmuch as she testified in her deposition that she could not tell whether or not he was telling the truth.

Traore also argues that the district court abused its discretion by not allowing him to treat Lt. Silva as a hostile witness. We have noted that Federal Rule of Evidence 611(c) "express[es] a preference for non-leading questions," and that, although this preference is "only precatory[,] ... generally trial judges are afforded a large degree of discretion in overseeing the examination of witnesses." *Sanders v. New York City Human Resources Admin.*, 361 F.3d 749, 757 (2d Cir.2004). Traore did not make a proffer at trial as to what testimony he hoped to extract from Lt. Silva. Nor has he shown how the district court's attempts to limit some of Traore's counsel's questions directed to Lt. Silva caused him prejudice.

Traore argues that his counsel's questions to Lt. Silva about his "[f]ailure to return [his] money to [Traore] and the utter failure of the defendants to provide a reasonable explanation" caused him prejudice because such a failure "should have been a major issue at trial." We disagree. At most, such testimony could have established a motive for Traore's failure to leave the police station, and that is not directly relevant to the main factual issue at trial, namely whether Traore was punched in the face or whether instead he slammed his own head into the floor.

We have considered Traore's other arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.